17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edmundo Ramon ANDRADE, Plaintiff-Appellant,
v.
Tim MURPHY, Assistant Warden; Herman Biegenwald, Sergeant;
Fernando Duran, Officer, Frank Ulloa, Officer;
Henry Ulloa, Defendants-Appellees.
 No. 93-15739.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edmundo Ramon Andrade, an Arizona state prisoner, appeals pro se the district court's order granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Andrade contends that defendants violated his constitutional right to access to the courts when they delayed the mailing of his legal mail for two days.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 To establish liability under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 5
 States must shoulder affirmative obligations to assure that all prisoners have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). This requires states to provide free postage for indigent prisoners. Sands v. Lewis, 886 F.2d 1166, 1170 (9th Cir.1989). However, unless an inmate can demonstrate some actual injury, allegations of the denial of access through a failure to provide postage cannot be maintained. Id.
 
 
 6
 Here, on the same day that Andrade was granted indigent status for sending legal mail, he attempted to mail an appeal in a civil matter to the Pima County Superior Court. However, prison officials returned his letter unmailed because the prison mail room had not received the necessary paperwork indicating his indigent status. The following day, on May 24, 1991 Andrade made a second attempt to mail the appeal with the supporting paperwork indicating his indigent status. This legal mail was mailed by prison officials the following working day on May 25, 1991. Because Andrade failed to allege that he was actually denied access to the courts, he cannot establish that he suffered actual injury from this two-day mailing delay. See Sands, 886 F.2d at 1170. Accordingly, the district court did not err in granting the defendants' motion for summary judgment. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Andrade also claims that the district court erred in granting defendants' motion for summary judgment after the magistrate judge had stricken defendants' previous motion for summary judgment for failing to cooperate with a discovery request. However, Andrade did not raise this issue in his Response to Motion for Summary Judgment, and did not file a motion for new trial. Thus, Andrade is barred from asserting this issue for the first time on appeal. See Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985) (as a general rule, Court of Appeals will not consider issue raised for first time on appeal, although it has power to do so)